### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

JERMAINE BAPTISTE                                                    PLAINTIFF

v.                              CASE NO. 4:24-CV-01105 BSM

EVERGREEN PACKAGING, LLC                                      DEFENDANT

#### ORDER

Evergreen Packaging LLC's motion for summary judgment [Doc. No. 23] is granted.

#### I. BACKGROUND

Jermaine Baptiste was a hazardous materials ("hazmat") tanker truck driver who was injured while unloading sodium hydroxide at Evergreen's Pine Bluff facility. Plaintiff's Response to Defendant's Statement of Undisputed Facts, Doc. No. 32 ("SUMF") ¶¶ 1–4, 7. This was his second time making a delivery to this facility. *Id.* ¶¶ 3–4. To unload sodium hydroxide, Evergreen has a manual pressurized air system that pushes the sodium hydroxide from the tanker, through the connection hose, and into the facility's holding tanks. *Id.* ¶¶ 15, 23. Once the chemical is unloaded, pressure must be drained from the connection hose before it can be disconnected. *Id.* ¶¶ 18–19.

Although Baptiste disputes this in his Response to the Statement of Undisputed Facts, he concedes in his brief that pressure from the hose must be released through a relief or "bleeder" valve before it is disconnected. *Id.* ¶ 19; Pls. MSJ Resp. at 1 and 5, Doc. No. 30. Baptiste did not bleed off the pressure. *Id.* ¶¶ 28, 30. When he disconnected the hose, it was pointed toward his face and he was sprayed with chemical. SUMF ¶ 30.

An Evergreen employee took Baptiste to an eye wash station to rinse his eyes. *Id*. ¶ 31. A supervisor was called and some time later transported Baptiste to the hospital to treat his injuries. *Id*. ¶ 32.

Baptiste is suing Evergreen for negligence, claiming that Evergreen (1) failed to provide a safe workplace; (2) failed to warn Baptiste of unreasonably dangerous conditions; (3) failed to train Baptiste; and (4) failed to provide proper medical assistance. *See* Compl., Doc. No. 1; Pls. MSJ Resp. at 2. Evergreen is moving for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Although Baptiste's case is unfortunate, summary judgment is granted because Evergreen did not breach its duty to him. To prove that Evergreen was negligent, Baptiste

2

must show (1) Evergreen owed him a duty of care; (2) Evergreen breached that duty; (3) and the breach caused Baptiste's injuries. *Cross v. W. Waste Indus.*, 469 S.W.3d 820, 825 (Ark. Ct. App. 2015). "The question of the duty, if any, owed a plaintiff . . . is always one of law and never one for the jury." *Culhane v. Oxford Ridge, LLC*, 362 S.W.3d 325, 327 (Ark. Ct. App. 2009).

A party that hires an independent contractor owes a duty to the contractor's employees to exercise ordinary care and to warn of hidden dangers or unusually hazardous conditions. *Duran v. Sw. Arkansas Elec. Coop. Corp.*, 537 S.W.3d 722, 727 (Ark. 2018) (same duty owed to a business invitee). This does not "include a duty to warn of obvious hazards that are an integral part of the work the independent contractor was hired to perform." *Id.* Baptiste was a hazmat driver employed by Comcar Transportation to deliver chemicals to Evergreen. Evergreen, therefore, had only a duty to warn Baptiste of any hidden dangers or unusually hazardous conditions, which it met. It did not have a duty to warn Baptiste of obvious hazards integral to his work.

Baptiste argues his injuries were caused by an "apparent lack of any means to depressurize the loading hose." Pls. MSJ Resp. at 12. He further argues that this created an unusually hazardous condition which Evergreen had a duty to warn him about. *Id.* It, however, is undisputed that the pressure in the hose could have been released by simply bleeding the valve. SUMF ¶ 19; Pls. MSJ Resp. at 1 and 5. Given the simplicity of removing the pressure from the hose, Baptiste's position that there was no apparent way to depressurize the hose is not supported by the evidence.

Baptiste also argues that Evergreen should have notified him of the bleeder valve and should have told him that, if the pressure was not released, there was a danger of chemical "blowback" when it was disconnected. Pls. MSJ Resp. at 12. This is a well-made argument, but it is uncontested that Baptiste had unloaded sodium hydroxide at Evergreen on a prior occasion and was aware that Evergreen's system is manual. SUMF ¶ 23. The existence of a manual system and a bleeder valve is not a hidden danger or unusually hazardous condition. Indeed, Baptiste's own expert testified that it is open and obvious that pressure must be removed before the hose is disconnected. Bussard Deposition 126:20–127:8, Pls. MSJ Resp, Ex. C, Doc. No. 30. Although Baptiste acknowledges that he did not know about the bleeder valve and was not trained, his lack of knowledge does not cause a hidden danger or unusually hazardous condition so as to create a duty to warn, or train, from Evergreen. *See Stoltze v. Arkansas Valley Elec. Co-op. Corp.*, 127 S.W.3d 466, 477 (Ark. 2003) (even if the employee is not qualified, it's the responsibility of the employee's employer to inform the employee of the dangers). Moreover, nothing in the record indicates that Evergreen knew that Baptiste was untrained and did not know about the bleeder valve. *See Kay v. Kay*, 812 S.W.2d 685, 687 (Ark. 1991) (premise owner has to have knowledge of the danger).

This decision might seem harsh, but the risk posed by the failure to bleed the valve is an obvious hazard that was integral to Baptiste's work as a hazmat driver. *Chew v. Am. Greetings Corp.*, 754 F.3d 632, 636 (8th Cir. 2014) (no duty to warn contractor that the work poses a danger if not done properly) (quoting *Jackson v. Petit Jean Electric Co–op.*, 606 S.W.2d 66, 68 (Ark. 1980)). Baptiste acknowledges that he knew of the dangers of sodium

hydroxide from his training and previous job experience. SUMF ¶¶ 6, 10. Since this job poses an obvious hazard, Evergreen did not have a duty to warn Baptiste.

Baptiste argues that even if the danger of chemical blowback was an obvious hazard, Evergreen still had a duty to warn because he was forced to encounter the danger in order to perform his job. Pls. MSJ Resp. at 12. The problem for Baptiste is that his own expert testified that the chemical could have been safely offloaded without Baptiste being exposed. Bussard Dep. 85:15–86:5. Thus, Baptiste was not forced to encounter the chemical blowback as part of his job unloading the sodium hydroxide. *See Duran*, 537 S.W.3d at 729 (plaintiff was not forced to encounter the danger because "the work could be safely performed without . . . coming into contact with the energized performer.").

Finally, Evergreen owed no duty to provide Baptiste with a reasonably safe workplace. *See Duran*, 537 S.W.3d at 728 ("an employer does not have a duty to provide a reasonably safe work environment for the employees of its independent contractor."). Baptiste also states that Evergreen owed him a duty to provide immediate medical care, but points to no case law supporting the contention that Evergreen had a duty to provide more care than it already did. SUMF ¶ 31. Although Baptiste claims Evergreen did not follow its own emergency response policy, this does not create a duty. *See Weisker v. Harvest Mgmt. Sub LLC*, 489 S.W.3d 696, 698 (Ark. Ct. App. 2016) ("A company's practice or policies do not translate into a duty at law.")

## IV. CONCLUSION

For these reasons, Evergreen's motion for summary judgment is granted and this case

is dismissed with prejudice.

IT IS SO ORDERED this 2nd day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE